United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN R. SCHOLZ,

Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al.,

Defendants.

Case No. 26-cv-00922-EMC

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION RE PRESERVATION ORDER**

Docket No. 64

Previously, the Court ordered the parties to meet and confer to reach agreement on the terms of a stipulated preservation order. The parties were not able to reach agreement. The Court orders the parties to meet and confer further with the following guidance.

- The Court agrees with Defendants that Mr. Scholz's proposed preservation order – spanning 70 paragraphs and 15 pages – is bloated, overly complicated, and unnecessary. The parties' meet and confer should use Defendants' proposed preservation order as the baseline.
- That being said, there are some issues raised in Mr. Scholz's proposed preservation order that may warrant inclusion in the final preservation order. In particular, the parties should discuss in their meet and confer the following issues: (1) whether information can or should be preserved in its native format; (2) whether the preservation order should include an express term that automatic or routine deletion of information is temporarily suspended; (3) whether the preservation order should include an express term that custodians will be given written instructions regarding preservation; (4) whether the preservation order extends to, *e.g.*, back-up systems;

United States District Court
Northern District of California

(5) how the parties should proceed if a party claims that preservation of some information is burdensome; and (6) the time period that should be covered by the preservation order.

The parties shall meet and confer as ordered by November 4, 2026. If the parties are unable to reach agreement, then they shall file a joint letter stating each of the remaining disputes and each party's last offer of compromise on each dispute. The parties are forewarned that they risk being sanctioned if they take an unreasonable position. To be clear, the Court expects that the parties should be able to reach agreement on all or at least most issues, *i.e.*, without the need for judicial intervention.

For the foregoing reasons, Mr. Scholz's motion for relief is **DENIED**, but without prejudice.

This order disposes of Docket No. 64.

**IT IS SO ORDERED**.

Dated: October 28, 2026

EDWARD M. CHEN
United States District Judge